UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                                  Case No. 22-15971-PDR

**DENISE ROBERTSON ROCHESTER**

                                                                                                        Chapter 7

    **Debtor.**
_____/

**MOTION TO REOPEN BANKRUPTCY CASE
TO COMPEL SURRENDER OF REAL PROEPERTY**

Secured creditor/movant, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT ("U.S. Bank"), by and through its undersigned counsel, pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(4) hereby requests this Court reopen the above-captioned bankruptcy case to enter an order granting relief to US Bank to allow it to proceed with and complete any and all contractual and/or statutory remedies incident to its security interests held against the real property located 5040 NW 104 Ave, Coral Springs, FL 33076, and in support thereof states:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), subsections (A), (G) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

THIS BANKRUPTCY ACTION

3. On August 2, 2022, debtor, DENISE ROBERTSON ROCHESTER (the "Debtor"), filed a *Voluntary Petition* for relief under Chapter 7 of Title 11 of the United States Code, initiating the above-captioned bankruptcy case (the "Bankruptcy Action").

4. On August 18, 2022, Debtor filed their Initial Schedules. In Schedule A and Schedule D, the Debtor admits under oath that they own real property located at 5040 NW 104 Ave, Coral Springs, FL 33076 (the "Property"). [Doc. 11, P. 2, 10].

5. In their *Statement of Intention for Individuals Filing Under Chapter 7* ("Statement of Intentions"), Debtor states they will surrender the property [Doc. 12, P. 1].

6. On September 15, 2022, U.S. Bank sought relief from the automatic bankruptcy stay. [Doc. 19]. Relief was granted on October 7, 2022. [Doc. 20].

7. On November 8, 2022, Debtor was discharged under 11 U.S.C. § 727. [Doc. 22].

## THE FORECLOSURE ACTION

8. On November 29, 2018, prior to the Bankruptcy Action, U.S. Bank filed a foreclosure action against the Debtor in Broward County, Case No. CACE-18-027649 (the "Foreclosure Action").

9. Final judgment of foreclosure was entered on December 3, 2019, with a foreclosure sale date set for January 9, 2020.

10. On or about December 23, 2019, Debtor filed a bankruptcy action in the Southern District of Florida, Case No. 10-27014-JKO. This stayed the January 9, 2020 sale date.

11. After receiving relief from the bankruptcy stay, on August 6, 2021, U.S. Bank moved to reset the foreclosure sale and a new foreclosure sale was set for November 2, 2021.

12. On November 1, 2021, on the eve of sale, Debtor filed a second bankruptcy action in the Southern District of Florida, Case No. 21-20510-PDR.

13. After obtaining relief from the stay in the subsequent bankruptcy action, on May 13, 2022, U.S. Bank moved to reset the foreclosure sale for a second time. An order was entered that reset the foreclosure sale to August 2, 2022.

14. On the day of sale, August 2, 2022, Debtor filed a third bankruptcy action in the Southern District of Florida, Case No. 22-15971-PDR. This is our Bankruptcy Action.

15. U.S Bank obtained relief from the bankruptcy stay on October 7, 2022 and, on October 17, 2022, U.S. Bank moved to reset the foreclosure sale for the third time. The foreclosure sale was reset to January 17, 2023.

16. As stated above, Debtor elected to surrender the Property; and a discharge was granted on November 8, 2022.

17. Therefore, one would assume that Debtor's bankruptcy filings had run their course.

18. Nevertheless, on January 16, 2023, Debtor filed a FOURTH bankruptcy action in the Southern District of Florida, Case No. 23-10265-PDR.

19. Although this fourth bankruptcy was promptly dismissed on January 29, 2023, U.S. Bank is again left to reset its foreclosure sale.

20. Without this Court's intervention, U.S. Bank will continue to be unjustly prejudiced by the frivolous filings of the Debtor.

RELIEF REQUESTED

21. U.S. Bank respectfully requests that this Court enter and Order that: (i) reopens the above-styled Bankruptcy Action; (ii) grants relief under 11 U.S.C. §§ 362(d)(1) and 362(d)(4); and (iii) reserves jurisdiction to enter sanctions should the Debtors take any additional frivolous actions to improperly delay US Bank's foreclosure sale of the Property.

MEMORANDUM OF LAW

A) **The Bankruptcy Action Should Be Reopened.**

22. Pursuant to Rule 5010, Federal Rules of Bankruptcy Procedure, a party in interest may move to reopen a closed bankruptcy action pursuant to 11 U.S. Code § 350(b) of the Code,

which states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

23. Whether to reopen a closed bankruptcy case is within a court's discretion based upon "the particular circumstances and equities of each particular case." In re Mayhugh, 427 B.R. 549, 552 (Bankr. S.D. Fla. 2010).

24. Here, Debtor received a discharge and, in doing so, surrendered the Property. Nevertheless, Debtor continues to file frivolous bankruptcy petitions to prevent a foreclosure sale.

25. This Court is in the best position to resolve this dispute and should therefore reopen the Bankruptcy Action.

**B) Relief from Any Subsequent Bankruptcy Filings Should Be Granted.**

26. One of the most generous provisions of the Bankruptcy Code is the automatic stay codified in 11 U.S.C. section 362(a). This stay halts any attempt to enforce liens against the property of the debtor. This allows the debtor to breathe and formulate a plan for a minimally disruptive discharge of debts.

27. Unfortunately, this generous provision is subject to abuse; with some debtors enlisting unwitting courts in their schemes to delay, hinder, or defraud their creditors.

28. "Occasionally, debtors have resorted to filing tactical, serial bankruptcy cases to prevent creditors from enforcing liens against their property. In 2005, Congress fashioned special relief for creditors when § 362(d)(4) was added to the Bankruptcy Code under BAPCPA. That provision permits the bankruptcy court to grant so-called 'in rem' relief from the automatic stay to the creditor to address schemes using bankruptcy to thwart legitimate foreclosure efforts through one or more transfers of interest in real property or, as was apparently the situation here, multiple

bankruptcy filings affecting the subject in rem property." See <u>Alakozai v. Citizens Equity First Credit Union (In re Alakozai)</u>, 499 B.R. 698, 702.

29. Pursuant to 11 U.S.C. § 362(d)(4),

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either –
>
>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>> (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court….

30. This case represents a casebook example of a debtor "abusing" the bankruptcy system.

31. Debtor has filed <u>four</u> bankruptcy actions since December of 2019. Each bankruptcy action was filed on the eve of a scheduled foreclosure sale. Aside from this Bankruptcy Action, which resulted in a discharge and surrender, the three other bankruptcies were dismissed.

32. This pattern of behavior suggests Debtor will continue to abuse bankruptcy law to delay, hinder, or defraud US Bank. In rem relief from the automatic stay is the only remedy that will end this cycle of abuse.

## CONCLUSION

33. Put simply, Debtor is a bad faith filer who has abused the Bankruptcy Code and should no longer be able to avail themself of its protections. This conclusion is unavoidable given

the number and timing of Debtor's bankruptcy filings. As such, Movant respectfully requests that relief be granted under 11 U.S.C. section 362(d)(4).

WHEREFORE, U.S. Bank respectfully requests that this Court reopen these bankruptcy proceeds to grant US Bank relief under 11 U.S.C. section 362(d)(4); for this Court to retain jurisdiction to issue sanctions for any additional meritless filings; and for such other relief as this Court deems fair and just.

**SOKOLOF REMTULLA, PLLC**

By: /s/ Benjamin D. Ladouceur
**Benjamin D. Ladouceur, Esq.**
Florida Bar No.: 73863
Primary e-mail: bladouceur@sokrem.com
Secondary e-mail: pleadings@sokrem.com
6801 Lake Worth Road, Suite 100E
Greenacres, FL 33467
Telephone: 561-507-5252
Facsimile: 561-342-4842
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of March 2023, a true and correct copy of the foregoing document and any applicable exhibits, was served electronically, or routed for service by U.S. Mail, to the following:

**Denise Robertson Rochester**, 5040 NW 104th Ave, Coral Springs, FL 33076-1749

**Chad T Van Horn**, Counsel for Detbor, 500 NE 4 Street #200, Ft Lauderdale, FL 33301, e-mail: Chad@cvhlawgroup.com

**Marc P Barmat**, Trustee, 2255 Glades Rd, Suite 419A, Boca Raton, FL 33431, e-mail: barmat.trustee@furrcohen.com

**Office of the US Trustee**, U.S. Trustee, 51 S.W. 1st Ave, Suite 1204, Miami, FL 33130, e-mail: USTPRegion21.MM.ECF@usdoj.gov

/s/ Benjamin D. Ladouceur